IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD ALAN VINCENT,

        Plaintiff,

        v.

CHASE HOME FINANCE, LLC, et al.,

        Defendants.

No. CIV S-07-0645 LKK DAD PS

FINDINGS AND RECOMMENDATIONS

Plaintiff commenced this consumer credit action on April 2, 2007. Plaintiff's attorney recently withdrew, and plaintiff is now proceeding in propria persona. On April 16, 2008, the case was referred to the undersigned for further pre-trial proceedings pursuant to Local Rule 72-302(c)(21).

Plaintiff's April 2, 2007 complaint is the operative pleading. The Clerk issued summons for defendants Chase Home Finance LLC, First American Loanstar Trustee Services,

/////
/////
/////
/////
/////

1

1  GM Mortgage Group, and New Century Mortgage Corporation.[1]  Only two of these defendants
2  have appeared in the action.  Defendant Chase Home Finance LLC's motion to dismiss was
3  granted by the assigned district judge on September 4, 2007.  In response to defendant First
4  American Loanstar Trustee Services' motion for judgment on the pleadings, plaintiff filed a
5  statement of non-opposition, and the motion was granted by the assigned district judge on
6  October 16, 2007.

7  Plaintiff has not filed evidence of service of process on defendants GM Mortgage
8  Group and New Century Mortgage Corporation.  In the motion to withdraw filed January 30,
9  2008, plaintiff's attorney indicates that defendant New Century Mortgage Corporation is subject
10 to a Chapter 11 bankruptcy stay.  Plaintiff's attorney declares that additional information was
11 requested from plaintiff regarding the identity of defendant GM Mortgage Group but plaintiff
12 failed to provide counsel with information that would have allowed counsel to identify the
13 defendant and locate its authorized agent.  Counsel states further that defendant GM Mortgage
14 Group is probably out of business because the process server who attempted service at the last
15 known address for the business advised counsel that the business premises were vacant.  On this
16 record, it appears that further efforts to serve the remaining defendants would be futile.

17 In addition, Rule 4 of the Federal Rules of Civil Procedure requires that
18 defendants be served with a summons and complaint within 120 days after the complaint is filed.
19 If a defendant is not served within 120 days, the court must either dismiss the action without
20 prejudice against the unserved defendant or order that service be made within a specified time.
21 Fed. R. Civ. P. 4(m).  The court must extend the time for service if the plaintiff shows good

---

[1] The caption of plaintiff's complaint lists two similarly named defendants: "New Century Mortgage" and "New Century Mortgage Corporation."  The complaint contains allegations against "New Century Mortgage Corporation," subsequently referred to as "NCMC," but it contains no allegations against "New Century Mortgage."  (See Compl. ¶¶ 1.2-1.6.)  The civil cover sheet lists "New Century Mortgage Corporation" as one of only four defendants, not five.  No summons was issued for "New Century Mortgage," and plaintiff did not request such a summons.  (See also Joint Status Report filed Aug. 6, 2007, at unnumbered page 4.)

cause for the failure to effect service. Id. By order filed October 26, 2007, the plaintiff in this case was granted an additional forty-five days to serve defendant GM Mortgage Group. After the forty-five day period expired, plaintiff did not seek additional time or make a showing of good cause to further extend the time for service.

In light of the bankruptcy stay applicable to defendant New Century Mortgage Corporation, the probability that defendant GM Mortgage Group is no longer in business, and plaintiff's failure to provide his attorney with information that would have permitted discovery of an agent for service of process on defendant GM Mortgage Group, the undersigned will not order that service of process be made within a specified time. Plaintiff's complaint was filed more than 360 days ago, triple the amount of time permitted for service. The unserved defendants should be dismissed without prejudice pursuant to Rule 4(m).

IT IS HEREBY RECOMMENDED that:

1. This action be dismissed without prejudice against unserved defendants New Century Mortgage Corporation and GM Mortgage Group; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty (20) days after being served with these findings and recommendations, any party may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure

/////
/////
/////
/////
/////

1  to file objections within the specified time may waive the right to appeal the District Court's
2  order.  See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3  DATED: April 22, 2008.

```
                                        /s/ Dale A. Drozd
                                        _____
                                        DALE A. DROZD
                                        UNITED STATES MAGISTRATE JUDGE
```

7  DAD:kw
   ddad1\orders.prose\vincent0645.rule4m.f&r